UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORI DAMIANAS<br><br>            Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | NO.  C2:14-CV-0064-BJR-JLW<br><br>REPORT AND RECOMMENDATION |

<u>BASIC DATA</u>

Type of benefits sought:

(X) Disability Insurance

(X) Supplemental Security Income

Plaintiff's:

Sex: Female

Age: 40 at alleged onset date, 45 at third ALJ hearing

Principal Disabilities Alleged by Plaintiff:

Cervical and lumbar degenerative disc disease, obesity, affective disorder, and anxiety disorder

Disability Allegedly Began: May 25, 2007

Principal Previous Work Experience: customer service representative, telemarketer, weight recorder, assistant manager, kitchen manager, and deli clerk.

Last worked: Disputed; she worked some past her alleged onset date but appears to not have amounted to substantial gainful activity.  AR 20.

Education Level Achieved by Plaintiff: High School

REPORT AND RECOMMENDATION - 1

## PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ Laura Valente:

Dates of Second and Third ALJ Hearings: March 2012 and July 24, 2012, hearing transcript AR 113-204

Date of Decision: August, 2012

Appears in Record at: AR 18-35

Summary of ALJ's Most Recent Decision:

> Claimant has not engaged in substantial gainful activity since her alleged onset date; she has severe impairments of cervical and lumbar degenerative disc disease, obesity, affective disorder, anxiety disorder, and possible malingering. She does not meet any listed impairment.

> She has the RFC to perform modified light work, with limited public contact. She cannot perform any of her past relevant work. The testimony of the vocational expert identified examples of three jobs she can perform: maid, mail room clerk, photocopy machine operator, and document preparer. This establishes she can perform substantial work which exists in the national economy and requires a finding of "not disabled."

Before Appeals Council:

Date of Decision: November 15, 2013

Appears in Record at: AR 6-8

Summary of Decision: declined review

## PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

(X)  Reverse and remand to the ALJ for calculation and award of benefits.

REPORT AND RECOMMENDATION - 2

## SUMMARY OF RECOMMENDATION

The ALJ in this case committed multiple harmful legal errors and the conclusion against disability is therefore not based upon substantial evidence. Defendant concedes errors regarding medical evidence as to Plaintiff's mental and physical impairments, but does not concede the ALJ erred in rejecting Plaintiff's credibility. The ALJ improperly disregarded treating and examining medical opinion evidence. She further improperly disregarded the opinion of the testifying medical expert that Plaintiff's mental condition meets a Listed Impairment. Under Ninth Circuit law, the court is required to credit as true the opinions of the doctors which were improperly disregarded. Based upon review of the complete medical record, and supporting medical opinions, there remains no unresolved issue. A fraud report, and other evidence, raise significant issues as to whether Plaintiff has any *physically* disabling impairment. But the evidence conclusively demonstrates she suffers from a disabling *mental* impairment. Further proceedings are not required; an award of benefits is appropriate and mandated. The court should remand the case for calculation of benefits and an immediate award.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.

## EVALUATING DISABILITY

The claimant, Ms. Damianas, bears the burden of proving she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th

REPORT AND RECOMMENDATION - 3

Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

### ISSUES ON APPEAL

1. Did the ALJ err in assessing opinions of treating, examining, and reviewing physicians?
2. Did the ALJ err in assessing Plaintiff's residual functional capacity?
3. Did the ALJ err in assessing Plaintiff's credibility?
4. Did the ALJ err in failing to order a consultive examination performed by Plaintiff's treating physician?
5. Did the ALJ erroneously rely on an improper hypothetical to the vocational expert?

Dkt. No. 13.

///

REPORT AND RECOMMENDATION - 4

## DISCUSSION

*The ALJ erred in assessing medical evidence.*

There have been three ALJ hearings in this case, all conducted by the same ALJ. Following the first decision, the Appeals Council remanded to the same ALJ with instructions to obtain additional medical expert opinion evidence regarding Plaintiff's mental impairments. At the second hearing, the ALJ took impartial medical expert testimony from clinical psychologist Dr. Jay Toews, Ph.D. AR 128-138. His testimony is the most significant evidence of Plaintiff's mental condition. Based on his review of the entire medical record Dr. Toews opined Plaintiff meets SSA Listed Mental Impairment 12.04, for affective disorders. AR 128. However, in her second written decision, the ALJ dismissed Dr. Toews' opinion reasoning that the doctor relied heavily on Plaintiff's subjective complaints because he was not aware of inconsistencies in Plaintiff's record, including a fraud investigation report. AR 30.

Defendant now concedes the ALJ improperly discounted Dr. Toews' opinion, as well as the opinions of Plaintiff's treating physician, Dr. Cassius, and treating psychologist, Dr. Zimberhoff. Defendant also concedes the ALJ erred in failing to explain or incorporate into Plaintiff's RFC the opinions of doctors that the ALJ purportedly accepted—Drs. Dees, Ulleland, Hacker, Flanagan, and Karuna, eight doctors in total.

Despite conceding significant and numerous errors in the ALJ's handling of the medical evidence, Defendant argues an award of benefits is not appropriate. Defendant argues the ALJ did not err in finding Plaintiff's subjective allegations less than credible, and asserts another remand to the ALJ for further proceedings is warranted to clarify discrepancies between Plaintiff's subjective statements compared with observations of Plaintiff contained in a fraud investigation report, as well as to allow another medical expert to further review

1  discrepancies with Plaintiff's physical and mental impairments.  Dkt. 17 at 8, *referring to* AR

2  1814-24 (report summary); 556-582 (photographs).

**Dr. Toews' Testimony that Plaintiff Meets Listing 12.04**

At the second ALJ hearing, Dr. Toews testified that Plaintiff meets Listing 12.04[1].  AR 128.  Dr. Toews testified at the ALJ's direction.  As the ALJ put it: "…I requested a psychologist to help assess your [Plaintiff's] medical records and to help comply with the requirements of the Appeals Council letter."  AR 115.  Yet in her written decision the ALJ dismissed Dr. Toews' opinion reasoning that the doctor relied heavily on Plaintiff's subjective complaints because he was not aware of inconsistencies in Plaintiff's record, including a fraud investigation report.

Defendant concedes that the ALJ failed to provide legally sufficient reasons for discounting Dr. Toews' opinion.  This concession is appropriate, in light of the record.  The ALJ's reasoning that Dr. Toews relied heavily on Plaintiff's subjective complaints is not

---

[1] Listing 12.04 provides in relevant part, *Affective disorders*: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome.  Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation. The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
    A. Medically documented persistence, either continuous or intermittent, of one of the following:
        1. Depressive syndrome characterized by at least four of the following: [redacted]; or
        2. Manic syndrome characterized by at least three of the following: [redacted]; or
        3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);
    AND
    B. Resulting in at least two of the following:
        1. Marked restriction of activities of daily living; or
        2. Marked difficulties in maintaining social functioning; or
        3. Marked difficulties in maintaining concentration, persistence, or pace; or
        4. Repeated episodes of decompensation, each of extended duration;

supported by the evidence.  As the ALJ noted, Dr. Toews was intentionally insulated from Plaintiff's testimony.  At the ALJ's direction, Dr. Toews based his testimony upon Plaintiff's total medical records to date, without hearing Plaintiff's own testimony.  The ALJ explained: "…here I'm going to start with the medical expert. That's my usual procedure. That, the purpose of that is so that preserves the integrity of the medical expert's testimony, but *he is basing his opinion exclusively on the medical records that we have on record*…"  AR 116 (emphasis added).

Dr. Toews explained that Plaintiff meets Listing 12.04 because she suffers from an affective disorder.  Specifically, Plaintiff meets the listing's "section A criteria" under A(3) with: "bipolar disorder, mixed, primarily manic and occasional psychotic." Dr. Toews found Plaintiff meets the listing's "section B criteria" with: moderate/marked limits in self-care, marked/extreme limits in social functioning, marked/extreme limits in concentration, persistence, or pace.  Dr. Toews further noted Plaintiff's is a "chronic" condition because her symptoms have not been controlled or managed, and found due to her severely impaired judgment a protective payee should be assigned to Plaintiff.  AR 128.  He addressed the possibility of malingering analyzed by Drs. Muscatel and Dees but did not find it material to the psychiatric diagnosis.  AR 127.

Dr. Toews maintained this diagnosis even after extensive questioning by the ALJ.  In that questioning, the ALJ explored whether Plaintiff's history of drug and alcohol use was a contributing factor to her disability.  AR 127-136.  In her decision, however, the ALJ made no finding to that effect.

In the written decision the ALJ found significant that Dr. Toews was not privy to the fraud investigation report.  The investigator reported he observed Plaintiff doing significant yard work, confirmed with a neighbor that she rode a motorcycle, that she had made various

REPORT AND RECOMMENDATION - 7

trips, owned a rental home, and other matters.  While the investigative report certainly bears on the credibility of Plaintiff's statements regarding her *physical* abilities, it was not conducted by medical personnel or psychiatric professionals, and does not provide objective medical evidence that contradicts Dr. Toews' opinion regarding her *mental* functioning.  Also, Dr. Toews addressed other evidence suggesting Plaintiff might be malingering but noted that it did not change his diagnosis because it was not material in light of her symptoms, and opined it may be in fact attributable to her mental symptoms.  AR 127-128.  Thus, Defendant's concession that the ALJ did not provide adequate reasons for discounting Dr. Toews' opinion is supported by the record.

***Unless the "Connett" Exception applies, the appropriate remedy is to remand for calculation and award of benefits.***

When medical evidence has been improperly disregarded, Ninth Circuit case law prescribes the circumstances which require the reviewing court to credit that evidence as true, and to remand to the ALJ with instructions to calculate and award benefits.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014), establishes a three-part credit-as-true standard, and all three parts must be met: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Here, all three conditions are satisfied.  First, the record has been fully developed.  At the hearing, Dr. Toews testified Plaintiff meets mental impairment Listing 12.04.  Defendant points to no medical evidence to contradict or otherwise put into question this finding.  After

REPORT AND RECOMMENDATION - 8

lengthy questioning by the ALJ, the March 2012 hearing was ended due to time constraints. AR 177-204. The same ALJ, ALJ Valente, held the third hearing in July 2012 for the ALJ's follow up questions and for vocational expert testimony. At the third hearing a medical expert was available to testify but the ALJ chose to dismiss the expert. *See* AR 178. Given that the Social Security Commissioner, through the ALJ, has had three hearing opportunities to speak with Plaintiff and to weigh the evidence, and has issued two written decisions denying benefits, Defendant's assertion that yet another ALJ hearing or another medical expert review is warranted is not persuasive.

The Ninth Circuit has repeatedly articulated the policy behind not allowing Defendant multiple bites at the apple and has given clear directons to the District Courts on this issue. *See Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014) (Holding the district court abused its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that the claimant was not, in fact, disabled). Defendant here makes essentially the same argument that was made in *Garrison*: "Although the Commissioner argues that further proceedings would serve the 'useful purpose' of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis. *See Benecke*, 379 F.3d at 595 ('Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")." *Garrison* at 1021-22. Here, as in *Garrison*, Defendant offers no substantive reason for remand. The ALJ has had more than a full and fair opportunity to decide Plaintiff's case. Importantly, Defendant has

proffered no evidence which would support a different conclusion as to the qualification of Plaintiff's mental impairment under Listing 12.04. Further proceedings are not warranted.

Second, as discussed above, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Toews' opinion, an error Defendant now concedes. *See Garrison* at 1020 ("…the credit-as true rule applies to medical opinion evidence, not only claimant testimony.")(citations omitted). Defendant also concedes the ALJ erred in assessing and incorporating the opinions of seven other doctors: Drs. Dees, Cassius, Zimberhoff, Ulleland, Hacker, Flanagan, and Karuna, discussed further below.

Third, "if the improperly [dis]credited evidence were credited as true, it is clear that the ALJ would be required to find [Damianas] disabled on remand." *Id*. Crediting just Dr. Toews' opinion as true that Plaintiff is disabled based on the diagnosis of Listed mental impairment 12.04 (affective disorder), implies Plaintiff is conclusively disabled. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d) (A claimant with an impairment which meets or equals an impairment listed in Appendix I and meets the duration requirement is awarded benefits). Thus, crediting the opinion of Dr. Toews as true ends the disability inquiry without need to evaluate her claims of physical impairments, or to formulate a revised RFC and present a new hypothetical question to a VE.

***The "Connett Exception" to Credit-as-true: the record as a whole and Plaintiff's credibility***

Defendant suggests that further proceedings are warranted under the limited "flexibility" the court retains in the exception to applying credit-as-true law. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). "*Connett's* 'flexibility' is properly understood as requiring courts to remand for further proceedings when, even though all conditions of the

credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled. *Garrison* at 1021.

There appear to be significant discrepancies in the evidence relating to Plaintiff's physical functioning.  Of particular concern is the fraud investigation report which, as discussed by the ALJ, purports claimant misrepresented the extent of her physical functional abilities.  *See* AR 556-582.  Plaintiff asserts error with the ALJ's adverse credibility determination and the inclusion of the investigative report, as it is not medical evidence but amounts to lay witness testimony at most.

Defendant concedes the ALJ erred in not crediting Dr. Toews' opinion.  Full crediting of Dr. Toews' diagnosis of Listing 12.04 finds Plaintiff conclusively disabled at step three.  In that case, the inquiry does not reach formulating Plaintiff's RFC or credibility assessment at step four.  However, the exception articulated in *Connett* allows for consideration of the record to determine whether "evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison* at 1021.

For the reasons discussed below, the court should find that an independent review of the record reveals no evidence which creates doubt as to Plaintiff's mental/psychiatric disability.

**Plaintiff's Credibility Regarding Her Symptom Severity**

The ALJ determined the symptom severity Plaintiff alleges is not supported by the evidence.  AR 25.  Plaintiff alleges the ALJ's reasons are not supported by evidence and proffers argument to rebut each reason.  Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony about the severity of her symptoms.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  "General findings

are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ cites Plaintiff's fraud investigation as evidence of malingering. *See* AR 1814-24 (report summary); 556-582 (photographs). The ALJ gives several reasons for finding the severity of Plaintiff's symptom allegations not fully credible: numerous inconsistencies in the record; misrepresentation of financial resources; misrepresentation of physical abilities; and a lack of objective medical evidentiary support for her symptoms. AR 25-28. The ALJ supports each of the reasons with citations to the record, some of which are questionable in their support, while others are based on some evidence.

Notably, Defendant concedes the ALJ erred in weighing medical opinion evidence from Drs. Dees, Cassius, Zimberhoff, Ulleland, Hacker, Flanagan, and Karuna. Although these doctors did not reach the precisely the same diagnosis as Dr. Toews, their opinions (or portions thereof) are further evidence in support of the mental health symptoms Plaintiff alleges. The Appeals Council remanded the case so that a medical expert could review all of the evidence of record, including the reports of these doctors. Dr. Toews' testified he did this, including some contradictory evidence, as he discussed.

The ALJ appears to have placed great weight on the fraud investigation report. The report indicates Plaintiff was doing yard work and includes photographs and a video of her working. *See* AR 1814-24 (report summary); 556-582 (photographs). The report indicates it was initiated due to an anonymous tipster who felt Plaintiff was undeservedly collecting benefits. Plaintiff asserts the tipster and anonymous witness reports may be from vengeful neighbors with whom she had a property dispute. The key point, however, is that Dr. Toews found Plaintiff disabled on the basis of a *mental* disorder whereas the investigative report focuses primarily on her *physical* functioning.

REPORT AND RECOMMENDATION - 12

An independent review of the entire record, as modeled by *Garrison*, therefore reveals, "…nothing that would create doubt as to [Damianas'] entitlement to the benefits she seeks." There certainly are legitimate credibility problems regarding Plaintiff's claims that she is physically disabled. But the evidence from multiple mental health providers and physicians is basically uncontradicted as to the existence and severity of Plaintiff's mental impairments. The *"Connett* exception" therefore does not apply.

**The ALJ's reduced credibility finding regarding Plaintiff's <u>psychiatric</u> functioning is not based on substantial evidence in the record**.

As discussed above, at the March 2012 hearing, Dr. Toews testified to diagnosis of Listing 12.04 for affective disorder. Analysis of all the other doctors' opinions provides no substantial contradiction to Dr. Toews' mental disability diagnosis of affective disorder under Listing 12.04:

**(1) Dr. Zimberhoff, Psy.D.,** provided a February 2012 opinion letter that references her treatment of Plaintiff for three and a half years, diagnoses bipolar disorder, PTSD, and ADHD, noting Plaintiff's severe depression has not improved much with medication. The doctor notes Plaintiff self-medicated her mental health problems with alcohol in the past but has been sober for two years. She opines Plaintiff would be unable to work for 6 years based on psychiatric and chronic pain issues. AR 1679. In March 2012, Dr. Zimberhoff submitted a second opinion letter, confirming her earlier opinion and addressing the issue of possible malingering found by Dr. Dees. AR 1796. Dr. Zimberhoff opines Plaintiff is not malingering but may have scored as such with Dr. Dees because of the nature of her mental impairments, particularly as a victim of intense and recurring sexual trauma, explaining: "…she suffers from an unusual combination of physical pain, emotional dysregulation, mood symptoms and cognitive difficulties. Being dysfunctional in several areas at once also tends to suggest

malingering (because it is statistically improbable for such divergent types of distress to occur concurrently in one person). Ms. Daminas is actually presenting with the symptoms she claims." AR 1796.  Dr. Zimberhoff notes difficulties in Plaintiff's daily functioning and self-care on some days.

Although outlined in detail, the ALJ gave "no weight" to Dr. Zimberhoff's opinions primarily because "it appears [Dr. Zimberhoff] has received substantial misinformation from the claimant about her functioning and her life in general." AR 31.  The ALJ gives examples of Plaintiff's daily and social activities that contradict Dr. Zimberhoff's belief of her functioning, such as gardening, driving a car and motorcycle regularly, trips to Hawaii, Houston, and Oregon, holding a business license, owning a home and rental property.  The ALJ notes "Dr. Zimberhoff's opinion is starkly at odds with the claimant's representations found at Exhibit 19E [the fraud investigation report]." AR 31.  Although the ALJ notes contradictions, they are largely based on cognitive and physical functioning, and not evidence related to mental health functioning.  Further, Defendant concedes "the ALJ's rejection of Dr. Zimberhoff was based on non-medical opinion, especially given there was no contradictory medical evidence." Dkt. 17 at 10.

**(2) Dr. Wayne Dees, Psy.D**., examining psychologist.  Dr. Dees' first evaluation was in 2008, noting marked to moderate social, mental, and concentration limitations.  AR 745.  Dr. Dees notes Plaintiff was tangential and had difficulty focusing on the assessment.  He opined Plaintiff would improve her ability to work with medication and therapy but that limitations were expected for up to 12 months.  AR 749.  The ALJ gave it less weight than Dr. Dees' later evaluation reasoning it contains more objective testing and is more consistent with Plaintiff's "misrepresentations." AR 30.  In December 2011, Dr. Dees diagnosed bipolar I disorder, PTSD, and panic disorder.  AR 747.  Dr. Dees found "these symptoms may interfere

REPORT AND RECOMMENDATION - 14

with complex task performance, her ability to work on a consistent basis, and her ability to engage with others. Of note, she may be over-reporting psychiatric symptoms." AR 1475. The ALJ notes Dr. Dees' testing that showed possible malingering based on unusual or high symptom reporting. AR 1469. Defendant concedes the ALJ purported to give "great weight" to Dr. Dees' opinion but the RFC does not account for all the limitations Dr. Dees identified, particularly that Plaintiff would have limitations working on a consistent basis and that she was so impaired that she could not manage her own funds. Dkt. 17 at 9, citing AR 1475.

**(3) Dr. Muscatel, Ph.D.**, in March 2012 provided a "forensic psychological report" based on a review of records from Drs. Atkinson, Dees, Ruddell, Flannagan, and Zimberhoff. AR 1799-1801. Dr. Muscatel opined Dr. Dees' malingering suggestion is not warranted. The ALJ gives Dr. Muscatel's opinion "very little weight" because he did not examine Plaintiff, did not have the fraud report, and was paid by Plaintiff's attorney. AR 32. However, Dr. Toews testified that he reviewed Dr. Muscatel's critique of the malingering issue. He did not note disagreement with it. AR 127-28.

**(4) Dr. Ulleland, M.D.**, limited Plaintiff to lifting a maximum of 20 pounds. AR 769. The ALJ purportedly gave "significant weight" to Dr. Ulleland but limited Plaintiff to 25 pounds. AR 29. Defendant concedes this is error because it is unexplained by the ALJ.

**(5)-(6) Drs. Flannigan/Hacker**, are reviewing state agency consultants who provided a mental RFC. AR 814. Dr. Flannigan noted Plaintiff's case difficult to assess because of credibility issues however noted that "in spite of the credibility issues it appears that [Plaintiff] suffers from *bona fide* bipolar disorder and anxiety disorder." Dr. Flannigan opined Plaintiff is able to perform at least simple, multi-step tasks, and that she would be "occasionally" impaired secondary to her anxiety, bipolar symptoms and pain, working away from the public with superficial coworker interaction. AR 814. Dr. Hacker affirmed Dr. Flannigan's opinions. AR

REPORT AND RECOMMENDATION - 15

984. ALJ purportedly gives "significant weight" to Drs. Flannigan and Hacker, but Defendant concedes the ALJ's RFC is inconsistent with limitations set by Drs. Flannigan and Hacker because "occasionally" includes up to one-third of the time under SSR 96-9p. Dkt. 17 at 10.

**(7) Dr. Karuna, M.D.**, performed a physical examination as a consulting physician in 2008. AR 765. Dr. Karuna opined based on physical abilities only that Plaintiff would be able to perform light work, lifting up to 25 pounds. Dr. Karuna noted the examination was made difficult by Plaintiff's considerable flight of ideas, tangential speaking, and difficulty focusing on questions, requiring multiple attempts at redirection and clarification. Dr. Karuna found Plaintiff was forthcoming and cooperative, putting forth excellent effort on the physical exam, although she tended to speak rapidly with little coherent link between one thought pattern and the next. AR 762. Dr. Karuna assessed only physical limitations and deferred any specific mental health limitations but noted that Plaintiff's behavior during the examination was consistent with diagnosis of bipolar affective disorder. AR 765. The ALJ purportedly gave "significant weight" to Dr. Karuna's opinion reasoning it was consistent with the record and Plaintiff's observed daily activities. AR 29.

**(8) Dr. Cassius, M.D.**, is a treating pain specialist who administered paraspinous block injections for Plaintiff's back pain. AR 881, 1016-29. The ALJ notes giving "substantial weight" to the objective findings of a list of providers including Dr. Cassius, but doesn't explicitly indicate what weight was given to what portion of his opinion. AR 27, 29.

**(9) Dr. Ruddell, Ph.D**. in April 2008 performed a psychological and memory evaluation, finding limitations in concentration, persistence, or pace during the testing. AR 760. ALJ does not credit Dr. Ruddell's findings reasoning she did not account for Plaintiff's credibility or her substance use issues. AR 31.

REPORT AND RECOMMENDATION - 16

In sum, the court finds no substantial evidence in the record contradicting Plaintiff's mental impairments under Listing 12.04 as diagnosed by Dr. Toews.  Thus, "…[Damianas] satisfies all three conditions of the credit-as-true rule and a careful review of the record discloses no reason to seriously doubt that she is, in fact, disabled.  A remand for a calculation and award of benefits is therefore required under our credit-as-true precedents." *Garrison* at 1023.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and the case be REMANDED for calculation and award of benefits due.

A proposed order accompanies this Report and Recommendation.  Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed.  If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration.  Failure to file objections within the specified time may affect the parties' right to appeal.  If objections are filed, any response is due within fourteen (14) days after being served with the objections.  A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.

DATED this 18th day of November, 2014.

_____
JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 17